**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br>  v.<br><br>FRANK MAZZOLA, et al.,<br><br>  Defendants. | No. C-12-1258 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court is plaintiff Securities and Exchange Commission's ("SEC") Motion for Partial Summary Judgment, filed October 18, 2013. Defendants Frank Mazzola ("Mazzola"), Felix Investments, LLC ("Felix") and Facie Libre Management Associates, Inc. ("Facie Libre") have filed opposition, to which the SEC has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

In its complaint, the SEC asserts three Claims for Relief, each of which is premised on a number of allegedly false or misleading statements or omissions. By the instant motion, the SEC seeks summary judgment on its three Claims for Relief to the extent they are based on certain of the allegedly false or misleading statements or omissions.

A party is entitled to summary judgment where "the movant shows that there is no

---

[1] By order filed November 15, 2013, the Court took the matter under submission.

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a).  In determining whether a genuine dispute exists, the district court "view[s] the evidence and inferences that may be drawn therefrom in a light most favorable to the [party] who oppose[s] the motion," see Garter-Bare Co. v. Munsingwear, Inc., 650 F.2d 975, 980 (9th Cir. 1980), and does not weigh the evidence, see McGinest v. GTE Service Corp., 360 F.3d 1103, 1113 n.5 (9th Cir. 2004) (holding "it is axiomatic that disputes about material facts and credibility determinations must be resolved at trial, not on summary judgment"); see also Garter-Bare, 650 F.2d at 979 (holding summary judgment is "not a device to be employed to dispose of litigation simply because it appears that the [non-movant] may have a weak case").

Here, construing the evidence in the light most favorable to defendants, the Court, as set forth below, finds triable issues of fact exist with respect to each of the statements/omissions referenced in the SEC's motion:[2]

(1) A triable issue of fact exists as to whether the March 17, 2010 emails to Hussan Khoury and Samih Toukan (see Mitchell Decl. Exs. 7, 8) were materially false or misleading (see id. Ex. 1 at 78:6-11, 92:9-23, 112:6-23, 125:3-8; Saenz Decl. Ex. 1 at 110:6-19, Ex. 22 ¶¶ 4-7, Ex. 26 ¶¶ 4-7; Mazzola Decl. ¶ 11, Exs. D, E).

(2) A triable issue of fact exists as to whether the March 17, 2010, April 23, 2010, and May 10, 2010 emails to Deepak Kamra (see Kamra Decl. Exs. B, D, F) were materially false or misleading (see id. ¶¶ 6-10; Mitchell Decl. Ex. 1 at 78:6-11, 92:9-23, 112:6-23, 125:3-8; Saenz Decl. Ex. 1 at 110:6-19, 131:11-13, Ex. 10; Mazzola Decl. ¶ 11, Exs. D, E, F).

(3) A triable issue of fact exists as to whether the May 10, 2010 email to David Fiszel (see Mitchell Decl. Ex. 13) was materially false or misleading (see id. Ex. 1 at 78:6-11, 92:9-23, 112:6-23, 125:3-8; Saenz Decl. Ex. 1 at 110:6-19, Ex. 10; Mazzola Decl. ¶ 11, Exs. D, E, F).

---

[2]The Court addresses the statements in the order they are discussed in the SEC's motion.  (See Pl.'s Mot. at 4:10 - 10:8.)

(4) A triable issue of fact exists as to whether Mazzola's concededly incorrect response to David Fiszel's September 22, 2010 email (see Mitchell Decl. Ex. 16) was made either negligently or with fraudulent intent (see id. Ex. 1 at 78:6-11, 92:9-23, 112:6-23, 125:3-8; Saenz Decl. Ex. 1 at 97:2-98:3; Mazzola Decl. ¶¶ 5-7;).

(5) A triable issue of fact exists as to whether the November 22, 2010 email to Eduardo Saverin (see Mitchell Decl. Ex. 21) was materially false or misleading (see id. Ex. 1 at 78:6-11, 92:9-23, 112:6-23, 125:3-8; McCabe Decl. ¶¶ 2, 4-5).

(6) A triable issue of fact exists as to whether the October 3, 2010 email to Helmut Albrecht (see Mitchell Decl. Ex. 23)[3] was materially false or misleading (see id. Ex. 24 at 26; McCabe Decl. ¶ 7; Mazzola Decl. ¶¶ 13-14, Ex. N).

(7) A triable issue of fact exists as to whether the October 5, 2010 email to Ofer Leidner (see Mitchell Decl. Ex. 25) was materially false or misleading (see id. Ex. 24 at 26; McCabe Decl. ¶7; Mazzola Decl. ¶¶ 13-14, Exs. N, T).

(8) A triable issue of fact exists as to whether defendants disclosed to David Fiszel the fees and commissions charged in connection with certain investments he made in a fund managed by Facie Libre.  (See Fiszel Decl. ¶¶ 2-8, Exs. A-G; Mitchell Decl. Ex. 14 at 105:24-107:14; Mazzola Decl. ¶¶ 20-21; Caridi Decl. ¶¶ 3-7.)

## CONCLUSION

For the reasons stated above, the SEC's motion for partial summary judgment is hereby DENIED.

**IT IS SO ORDERED.**

Dated: December 3, 2013

MAXINE M. CHESNEY
United States District Judge

---

[3] Although the SEC states the October 3, 2010 email was sent to "investors" (see Pl.'s Mot. at 8:21-22), the record does not indicate to whom the email was sent other than Helmut Albrecht.