JINA L. CHOI (N.Y. Bar No. 2699718)
MICHAEL S. DICKE (Cal. Bar No. 158187)
ROBERT L. MITCHELL (Cal. Bar No. 161354)
  mitchellr@sec.gov
ROBERT L. TASHJIAN (Cal. Bar No. 191007)
  tashjianr@sec.gov
AARON P. ARNZEN (Cal. Bar No. 218272)
  arnzena@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FRANK MAZZOLA,<br>FELIX INVESTMENTS, LLC, and<br>FACIE LIBRE MANAGEMENT ASSOCIATES, LLC,<br><br>Defendants. | Case No. 12-cv-1258 MMC<br><br>CONSENT OF DEFENDANT<br>FRANK MAZZOLA |

1. Defendant Frank Mazzola acknowledges having been served with the complaint in this action, has entered a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a) Permanently restrains and enjoins Defendant from violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(b) thereunder [17 C.F.R. § 240.10b-5(b)]; Section 17(a)(1), (2), and (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(1), (2), and (3)]; and Section 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8];

(b) Orders Defendant to pay a civil penalty in the amount of $100,000 under Section 21(d)(1) of the Exchange Act [15 U.S.C. § 78u(d)], Section 20(d)(3) of the Securities Act [15 U.S.C. § 77t(d)], and Section 209 of the Advisers Act [15 U.S.C. § 80b-9] according to a schedule with the last payment no later than 360 days after the entry of the Final Judgment.

(c) Orders Defendant liable jointly and severally with defendant Felix Investments, LLC for disgorgement in the amount of $218,000 with prejudgment interest in the amount of $22,000, and to pay the total amount of $240,000 according to a schedule with the last payment no later than 360 days after the entry of the Final Judgment.

3. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated in to the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, any papers previously filed in this action by Defendant are deemed withdrawn to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code [11 U.S.C. § 523(a)(19)]. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that

Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: January 14, 2014

_____
Frank Mazzola

1 | Approved as to form of Consent and form of attached Final Judgment:

2

3

4  _____
  Jahan Raissi, Esq.
5  SHARTSIS FRIESE LLP
  One Maritime Plaza, Eighteenth Floor
6  San Francisco, CA 94111
  Telephone: (415) 421-6500
7  Facsimile: (415) 421-2922

8  Attorney for Defendant
  FELIX INVESTMENTS, LLC
9

10

11 Submitted by:

12

13

14  _____
  Robert L. Tashjian
15  Attorney for Plaintiff
  SECURITIES & EXCHANGE COMMISSION
16  44 Montgomery Street, Suite 2800
  San Francisco, CA 94104
17  Tel: (415) 705-2500

18

19

20

21

22

23

24

25

26

27

28

Attachment

JINA L. CHOI (N.Y. Bar No. 2699718)
MICHAEL S. DICKE (Cal. Bar No. 158187)
ROBERT L. MITCHELL (Cal. Bar No. 161354)
  mitchellr@sec.gov
ROBERT L. TASHJIAN (Cal. Bar No. 191007)
  tashjianr@sec.gov
AARON P. ARNZEN (Cal. Bar No. 218272)
  arnzena@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRANK MAZZOLA,<br>FELIX INVESTMENTS, LLC, and<br>FACIE LIBRE MANAGEMENT<br>ASSOCIATES, LLC,<br><br>　　　　Defendants. | Case No. 12-cv-1258 MMC<br><br>[PROPOSED] FINAL JUDGMENT AS TO ALL DEFENDANTS |

The Securities and Exchange Commission having filed a Complaint and Defendants Frank Mazzola ("Mazzola"), Felix Investments, LLC ("Felix Investments"), and Facie Libre Management Associates ("FLMA") (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(b) promulgated thereunder [17 C.F.R. § 240.10b-5(b)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants Frank Mazzola and FLMA and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-6(3)] and Rule 206(4)-8 thereunder [17 C.F.R. 275.206(4)-8] by, while acting as an investment adviser or associated person of an investment adviser, using the mails or any means or instrumentality of interstate commerce:

    (a)    engaging in any act, practice, or course of business which is fraudulent, deceptive, or manipulative; or

    (b)    while acting as an investment adviser or associated person of an investment adviser to a pooled investment vehicle:

        (1)    making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

        (2)    otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Mazzola and Felix Investments are liable, on a joint and several basis, for disgorgement of $218,000, representing profits gained as a result of the conduct alleged in the Complaint, together with

1  prejudgment interest thereon in the amount of $22,000.  Defendants Mazzola and Felix Investments
2  shall satisfy this obligation by paying $240,000 to the Securities and Exchange Commission pursuant
3  to the terms of the payment schedule set forth in Paragraph VII below after entry of this Final
4  Judgment.
5       Defendants Mazzola and Felix Investments may transmit payment electronically to the
6  Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment
7  may also be made directly from a bank account via Pay.gov through the SEC website at
8  http://www.sec.gov/about/offices/ofm.htm.  Defendants Mazzola and Felix Investments may also pay
9  by certified check, bank cashier's check, or United States postal money order payable to the
10 Securities and Exchange Commission, which shall be delivered or mailed to:
11     Enterprise Services Center
       Accounts Receivable Branch
12     6500 South MacArthur Boulevard
       Oklahoma City, OK 73169
13
14 and shall be accompanied by a letter identifying the case title, civil action number, and name of this
15 Court; Frank Mazzola and Felix Investments as defendants in this action; and specifying that
16 payment is made pursuant to this Final Judgment.
17      Defendants Mazzola and Felix Investments shall simultaneously transmit photocopies of
18 evidence of payment and case identifying information to the Commission's counsel in this action.  By
19 making this payment, Defendants Mazzola and Felix Investments relinquish all legal and equitable
20 right, title, and interest in such funds and no part of the funds shall be returned to Defendants
21 Mazzola and Felix Investments.  The Commission shall send the funds paid pursuant to this Final
22 Judgment to the United States Treasury.
23      The Commission may enforce the Court's judgment for disgorgement and prejudgment
24 interest by moving for civil contempt (and/or through other collection procedures authorized by law)
25 at any time after 14 days following the dates on which payments are to be made pursuant to
26 Paragraph VII below.  Defendants Mazzola and Felix Investments shall pay post-judgment interest on
27 any delinquent amounts pursuant to 28 U.S.C. § 1961.
28

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Mazzola is liable for a civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. Defendant Mazzola shall satisfy this obligation by paying $100,000 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in Paragraph VII below after entry of this Final Judgment.

Defendant Mazzola may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at: http://www.sec.gov/about/offices/ofm.htm. Defendant Mazzola may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Frank Mazzola as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Mazzola shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant Mazzola relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Mazzola. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant Mazzola shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Felix Investments is liable for a civil penalty in the amount of $160,000 pursuant to Section 20(d) of the

Securities Act [15 U.S.C. §77t(d)], and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Defendant Felix Investments shall satisfy this obligation by paying $160,000 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in Paragraph VII below after entry of this Final Judgment.

Defendant Felix Investments may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at: http://www.sec.gov/about/offices/ofm.htm.  Defendant Felix Investments may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Felix Investments as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Felix Investments shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant Felix Investments relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Felix Investments.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant Felix Investments shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Mazzola and Felix Investments shall pay the total amount of $240,000 within 14 days of this Final Judgment. Defendant Felix Investments shall pay an additional amount of $160,000 within 180 days of this Final Judgment.  Defendant Mazzola shall pay an additional amount of $100,000 within 270 days of

1  this Final Judgment.  Payments shall be deemed made on the date they are received by the
2  Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C.
3  § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.  Prior to making the
4  final payment set forth herein, Defendants Mazzola and Felix Investments shall contact the staff of
5  the Commission for the amount due for the final payment.
6       If Defendants Mazzola and Felix Investments fail to make any payment by the date agreed
7  and/or in the amount agreed according to the schedule set forth above, all outstanding payments
8  under this Final Judgment, including post-judgment interest, minus any payments made, shall become
9  due and payable immediately at the discretion of the staff of the Commission without further
10 application to the Court.

**VIII**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, \_\_\_\_\_

_____
UNITED STATES DISTRICT JUDGE