JINA L. CHOI (N.Y. Bar No. 2699718)
MICHAEL S. DICKE (Cal. Bar No. 158187)
ROBERT L. MITCHELL (Cal. Bar No. 161354)
  mitchellr@sec.gov
ROBERT L. TASHJIAN (Cal. Bar No. 191007)
  tashjianr@sec.gov
AARON P. ARNZEN (Cal. Bar No. 218272)
  arnzena@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>     v.<br><br>FRANK MAZZOLA,<br>FELIX INVESTMENTS, LLC, and<br>FACIE LIBRE MANAGEMENT ASSOCIATES, LLC,<br><br>          Defendants. | Case No. 12-cv-1258 MMC<br><br>[~~PROPOSED~~] FINAL JUDGMENT AS TO ALL DEFENDANTS |

The Securities and Exchange Commission having filed a Complaint and Defendants Frank Mazzola ("Mazzola"), Felix Investments, LLC ("Felix Investments"), and Facie Libre Management Associates ("FLMA") (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(b) promulgated thereunder [17 C.F.R. § 240.10b-5(b)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants Frank Mazzola and FLMA and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-6(3)] and Rule 206(4)-8 thereunder [17 C.F.R. 275.206(4)-8] by, while acting as an investment adviser or associated person of an investment adviser, using the mails or any means or instrumentality of interstate commerce:

    (a)    engaging in any act, practice, or course of business which is fraudulent, deceptive, or manipulative; or

    (b)    while acting as an investment adviser or associated person of an investment adviser to a pooled investment vehicle:

        (1)    making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

        (2)    otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Mazzola and Felix Investments are liable, on a joint and several basis, for disgorgement of $218,000, representing profits gained as a result of the conduct alleged in the Complaint, together with

prejudgment interest thereon in the amount of $22,000. Defendants Mazzola and Felix Investments shall satisfy this obligation by paying $240,000 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in Paragraph VII below after entry of this Final Judgment.

Defendants Mazzola and Felix Investments may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants Mazzola and Felix Investments may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Frank Mazzola and Felix Investments as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants Mazzola and Felix Investments shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants Mazzola and Felix Investments relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants Mazzola and Felix Investments. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following the dates on which payments are to be made pursuant to Paragraph VII below. Defendants Mazzola and Felix Investments shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Mazzola is liable for a civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. Defendant Mazzola shall satisfy this obligation by paying $100,000 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in Paragraph VII below after entry of this Final Judgment.

Defendant Mazzola may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at: http://www.sec.gov/about/offices/ofm.htm. Defendant Mazzola may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Frank Mazzola as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Mazzola shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant Mazzola relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Mazzola. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant Mazzola shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Felix Investments is liable for a civil penalty in the amount of $160,000 pursuant to Section 20(d) of the

1  Securities Act [15 U.S.C. §77t(d)], and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].
2  Defendant Felix Investments shall satisfy this obligation by paying $160,000 to the Securities and
3  Exchange Commission pursuant to the terms of the payment schedule set forth in Paragraph VII
4  below after entry of this Final Judgment.
5      Defendant Felix Investments may transmit payment electronically to the Commission, which
6  will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made
7  directly from a bank account via Pay.gov through the SEC website at:
8  http://www.sec.gov/about/offices/ofm.htm.  Defendant Felix Investments may also pay by certified
9  check, bank cashier's check, or United States postal money order payable to the Securities and
10 Exchange Commission, which shall be delivered or mailed to:
11     Enterprise Services Center
       Accounts Receivable Branch
12     6500 South MacArthur Boulevard
       Oklahoma City, OK 73169
13
14 and shall be accompanied by a letter identifying the case title, civil action number, and name of this
15 Court; Felix Investments as a defendant in this action; and specifying that payment is made pursuant
16 to this Final Judgment.
17     Defendant Felix Investments shall simultaneously transmit photocopies of evidence of
18 payment and case identifying information to the Commission's counsel in this action.  By making
19 this payment, Defendant Felix Investments relinquishes all legal and equitable right, title, and interest
20 in such funds and no part of the funds shall be returned to Defendant Felix Investments.  The
21 Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.
22 Defendant Felix Investments shall pay post-judgment interest on any delinquent amounts pursuant to
23 28 U.S.C. § 1961.

## VII.

25 **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Mazzola
26 and Felix Investments shall pay the total amount of $240,000 within 14 days of this Final Judgment.
27 Defendant Felix Investments shall pay an additional amount of $160,000 within 180 days of this
28 Final Judgment.  Defendant Mazzola shall pay an additional amount of $100,000 within 270 days of

this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Defendants Mazzola and Felix Investments shall contact the staff of the Commission for the amount due for the final payment.

If Defendants Mazzola and Felix Investments fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: March 10, 2014

_____
UNITED STATES DISTRICT JUDGE